■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BURTON WEINSTEIN, Appellant.— Appeal by defendant: (1) from a judgment of the County Court, Kings County, rendered May 17, 1960, after a nonjury trial, convicting him of burglary in the third degree and petit larceny, and sentencing him, as a second felony offender, to serve a term of 7½ to 15 years; and (2) from every intermediate order made in the action. Judgment affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY DI LORENZO, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent. In the Matter of ANTHONY DI LORENZO, Appellant, v. DIVISION OF PAROLE OF THE STATE OF NEW YORK, Respondent.— (Consolidated appeals.) Appeal by relator from an order of the Supreme Court, Dutchess County, dated January 19, 1961, dismissing, after a hearing, a writ of habeas corpus and remanding him to the custody of the Warden of Green Haven Prison. The relator, serving an indeterminate sentence, the maximum term of which was to expire on December 10, 1960, was paroled by the Board of Parole on March 3, 1959; declared delinquent by the Board of Parole as of August 20, 1959; and returned to prison as a parole violator on October 21, 1960, at which time he was charged with owing one year, two months and seven days delinquent time. On December 13, 1960, relator sued out a writ of habeas corpus seeking his release from confinement on the ground that the action of the Board of Parole in declaring him delinquent and returning him to prison was unlawful. At the hearing held on the return of the writ, the relator's uncontradicted testimony was to the effect that he was not guilty of parole violation on August 20, 1959. The writ was dismissed by the order appealed from. Order affirmed. On the record presented the writ was properly dismissed (see *People ex rel. Mahon* v. *Warden of Dept. of Correction of City of N. Y.*, 1 Misc 2d 267, 275, and cases cited, affd. 2 A D 2d 876). In a proceeding pursuant to article 78 of the Civil Practice Act, for an order directing the Division of Parole to amend its records so that petitioner's release date shall be stated as December 10, 1960, and directing petitioner's release from custody, the petitioner appeals from so much of an order of the Supreme Court, Dutchess County, dated March 11, 1961, as dismissed the petition on the ground that it fails to state facts sufficient to entitle him to the relief sought. Following the dismissal of the writ of habeas corpus, the petitioner brought this proceeding for relief on substantially the same grounds which he urged in his habeas corpus proceeding. Order, insofar as appealed from, affirmed, without costs. The action of the Board of Parole in declaring the petitioner delinquent and directing that he be returned to prison to serve the remainder of his term, is not reviewable in a proceeding pursuant to article 78 of the Civil Practice Act (cf. *Matter of Hogan* v. *Canavan*, 245 App. Div. 391; *Matter of Mummiami* v. *New York State Bd. of Parole*, 5 A D 2d 923). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.